UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD BRANDON MIDGETTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13-cr-00144-JAW |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Richard Brandon Midgette, who alleges that he is currently incarcerated at a state correctional facility in Florida, is charged in this matter as a felon in possession of firearms. (Indictment, ECF No. 1.)[1] Petitioner has filed a petition under 28 U.S.C. § 2241, requesting a writ of habeas corpus. (Petition, ECF No. 7.)[2]

Petitioner first alleges that as the result of a hold that has been placed on him or a detainer lodged against him for prosecution of the Maine charges, he is "being denied programs such as work release/out of state transfers, etc." (*Id.* at 1.) Construing this allegation to request that the Court address one or more of the conditions of Petitioner's confinement in Florida, I recommend that the Court, *sua sponte*, pursuant to 28 U.S.C. §1915A, dismiss this portion of the petition for lack of jurisdiction.

---

[1] The Indictment was filed in this Court in August 2013.
[2] Title 28 U.S.C. § 2241(a) states in pertinent part: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

Petitioner also requests "final disposition in these criminal proceedings," and he asks "why final disposition in the above styled cause cannot be expunge[d]." (*Id.* at 1.)[3] This request can arguably be construed as either (1) a demand, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(j)(2), for a speedy trial on the charges pending in this Court; or (2) a request for dismissal of the indictment, based on either a statutory or constitutional violation of his right to a speedy trial.[4] Because Petitioner has failed to allege facts to establish that he communicated a demand for a speedy trial or that there has been a speedy trial violation, the recommendation is that the Court *sua sponte* deny the relief and dismiss this claim without prejudice.[5]

## DISCUSSION

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. §2241(a)). "We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over

---

[3] Petitioner seeks a writ of habeas corpus *ad prosequendam*. *See Black's Law Dictionary* 58 (9th ed. 2009) (defining "*ad prosequendam*" as "to prosecute").

[4] The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right to a speedy and public trial." Title 18 U.S.C. § 3161(j) provides a mechanism by which prisoners who are awaiting trial may obtain a speedy trial. Section 3161(j) states:

(1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—

   (A) undertake to obtain the presence of the prisoner for trial; or

   (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

(2) If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed.

(3) Upon receipt of such notice, the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial.

[5] This Court may dismiss *sua sponte* a habeas petition filed pursuant to 28 U.S.C. § 2241. *See Saccoccia v. Farley*, 573 F. App'x 483, 484 (6th Cir. 2014) (affirming the district court's denial, *sua sponte*, pursuant to 28 U.S.C. § 1915A, of a 28 U.S.C. § 2241 petition challenging a conviction and sentence).

2

the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. To the extent, therefore, that Petitioner seeks to alter or requests relief from the conditions of his present physical confinement outside Maine, this Court lacks jurisdiction to consider the merits of Petitioner's claim.[6]

The Court, however, has jurisdiction over Petitioner's speedy trial claim. When a petitioner seeks relief for a violation of his right to a speedy trial, the district in which the petitioner is to be tried has jurisdiction to hear the claim, regardless of whether the Petitioner is confined in that district when he files the petition. *See Braden*, 410 U.S. at 485-86, 500 (holding that the petitioner's absence from Kentucky did not deprive the United States District Court for the Western District of Kentucky of jurisdiction over a habeas petition seeking an order directing that the state court afford the petitioner an immediate trial on a three-year-old state court indictment). Because Petitioner challenges "a 'confinement that would be imposed in the future,'" he is deemed to be "'in custody'" in the district that lodged the detainer. *Padilla*, 542 U.S. at 438 (quoting *Braden*, 410 U.S. at 488-89).

Furthermore, this Court has the statutory authority, pursuant to 28 U.S.C. § 2241, "to issue writs of habeas corpus *ad prosequendum* to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody . . . ." *United States v. Mauro*,

---

[6] Petitioner intended to file his claim in Florida. He placed the petition in the prison mailing system for mailing to the United States District Court for the Northern District of Florida. (ECF No. 7-1.) The clerk of the Northern District of Florida mailed the petition to this Court. (ECF No. 7-2.)

436 U.S. 340, 357-58 (1978) (citing 28 U.S.C. § 2241). "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.'" *United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011) (quoting *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)). "The nature of the writ is such that 'the sending state retains full jurisdiction over the prisoner since the prisoner is only "on loan" to the prosecuting jurisdiction.'" *Id.* (quoting *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989)).

Although this Court has the authority to issue a writ of habeas corpus *ad prosequendam*, the Court should nevertheless dismiss the petition without prejudice. The petition is ambiguous. One could conceivably construe the petition as a demand for a speedy trial, or as a request for dismissal of the indictment due to an alleged speedy trial violation. Under either interpretation, dismissal is appropriate.

Petitioner does not allege a delay or a Speedy Trial Act violation, and, in any event, dismissal of an indictment is not a remedy for a violation of the Speedy Trial Act. *See United States v. Lewis*, 732 F.3d 6, 11 (1st Cir. 2013) (noting that the appellant conceded that "dismissal of the indictment is not an appropriate remedy" for a Speedy Trial Act violation); *United States v. Cone,* 310 F. App'x 212, 215 (10th Cir. 2008) ("We need not decide whether the government violated §3161(j) because the Speedy Trial Act simply does not provide for dismissals for violations of its terms.")

In addition, Petitioner has not alleged any facts that would support a claim of a violation of his constitutional right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Dowdell*, 595 F.3d 50, 60 (1st Cir. 2010) (noting that in determining whether a Sixth Amendment violation of a defendant's right to a speedy trial occurred, the First Circuit applies "the four-part balancing test established in [*Barker*], which requires a weighing of: (1) the length

4

of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant resulting from the delay"); *see also Kelly*, 661 F.3d at 689 ("The court issuing the writ *ad prosequendum* has, inter alia, supervisory authority under Rule 48 of the Federal Rules of Criminal Procedure to 'dismiss an indictment . . . if unnecessary delay occurs in . . . bringing a defendant to trial.'") (citing Fed. R. Crim P. 48(b)). Dismissal of the indictment, therefore, is not warranted.

Finally, in the event that Petitioner, through his filing, attempts to demand a speedy trial, the petition should be dismissed as Petitioner has not asserted facts that suggest compliance with 18 U.S.C. § 3161(j)(2). Nevertheless, given the significance of Petitioner's right to a speedy trial, to clarify whether Petitioner in fact intended to demand a trial, and, if so, to assist Petitioner in asserting that demand, I also recommend that the Court appoint counsel to represent Petitioner to assist Petitioner should he want to demand a trial.[7]

## CONCLUSION

Based on the foregoing analysis, the recommendation is (1) that the Court deny Petitioner's request for habeas relief and dismiss the petition without prejudice,[8] and (2) that the Court appoint counsel to determine whether Petitioner demands a trial at this stage of the proceedings, and, if so, to assist Petitioner in that effort.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought,

---

[7] If Petitioner demands a trial, the Court can subsequently address the various pretrial matters, including whether the appointment of counsel should continue.

[8] Because the petition seeks relief pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255, the Rules Governing Section 2255 Proceedings do not apply, and this Court need not "issue or deny a certificate of appealability" as provided in Rule 11 of the Rules governing Section 2255 Proceedings. *See Gonzalez v. Justices of the Mun. Court of Boston*, 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), *vacated on other grounds*, 544 U.S. 918 (2005).

together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of December, 2014.